UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00056-SRW |
| ) | |
| MISSOURI DIVISION OF EMPLOYMENT ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Jessie Samuel Rufus Benford's application to proceed in the district court without prepaying fees or costs. Upon consideration of the financial information provided with the application, the Court finds plaintiff is financially unable to pay the filing fee. The Court will grant plaintiff's motion and waive the filing fee. Additionally, upon initial review of the complaint, the Court will dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**Legal Standard of Review**

On initial review, the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

## The Complaint

Plaintiff brings this action alleging defendant the Missouri Division of Employment Security violated Title VII of the Civil Rights Act of 1964 and plaintiff's first amendment rights. Plaintiff's claims are difficult to interpret, so the Court will quote his statement of claim in its entirety.

> I was terminated from my job at Schneider National on 11-21-2019. I was located in St. Louis, MO. My supervisor was located in Kansas City, MO. The termination happened via telephone. I was a victim of Title VII, First Amendment violation on behalf of Jack Filina (Schneider Nat.) Jack Filina maliciously "lied" and claimed that I, Jessie Benford, "quit" my job (in Missouri employment hearing) –Missouri Division of Employment falsely ruled in favor of Jack Filina, although Jack Filina confessed to terminating Benford. (Documented proof)

(Compl. at 5). For relief, plaintiff seeks $500,000 in compensatory damages and $5 million in punitive damages.

## Discussion

Plaintiff's claim against the Missouri Division of Employment Security must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). First, to the extent plaintiff seeks to hold the Missouri Division of Employment Security liable for alleged first amendment violations, plaintiff's claim would be brought under 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). For these reasons, plaintiff's claim of first amendment violations against the Missouri Division of Employment Security must be dismissed.

To the extent plaintiff seeks to allege violations of Title VII against defendant, these claims will also be dismissed. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Plaintiff's complaint alleges no workplace discrimination of any kind. Even if plaintiff had alleged employment discrimination, his complaint states that his employer was Schneider National. Plaintiff was not employed by the Missouri Division of Employment Security and he has stated no claim arising under Title VII against this defendant. Plaintiff's claims will be dismissed.

Accordingly,


**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Missouri Division of Employment Security are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __19th__ day of January, 2022.

                                                      STEPHEN N. LIMBAUGH, JR.
                                                      SENIOR UNITED STATES DISTRICT JUDGE